UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD BEAUDOIN,

    Plaintiff,

v.                                              Case No. 04-71439

OGLEBAY NORTON CO., al et.        HONORABLE AVERN COHN

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT.**

**I. Introduction**

This is a personal injury case involving a maritime vessel under the Jones Act. The Defendants Oglebay Norton Company and Oblebay Norton Marine Services Company (collectively "Oglebay") own and operate the M/V "Oglebay Norton."[1] The Plaintiff Donald Beaudoin (Beaudoin) is a retired seaman and former employee of Oglebay who served as a member of the crew of the MV "Oglebay Norton" from 1991 to 2002. Beaudoin claims that Oglebay was negligent and breached the warranty of seaworthiness and fitness for the vessel's intended purpose by operating the vessel in a manner which caused a permanent hearing loss.[2]

Before the Court is the Defendant's Motion for summary judgment for failure to

---

[1] The M/V "Oglebay Norton" is a third defendant named in the plaintiff's in rem count of the complaint. The M/V "Oglebay Norton" will be referred to as the "vessel."

[2] Jurisdiction is proper. The case raises a federal question, 28 U.S.C. § 1331, and is based on the Jones Act, 46 U.S.C. § 688 et seq. The amount in controversy exceeds $75,000.

file suit within the strictures of the statute of limitations.[3]  For the reasons that follow, the motion is DENIED.

## II. Background[4]

Beaudoin began a career as a seaman sailing on commercial vessels in 1974. He joined the crew of the M/V Oglebay Norton in 1991 and served in multiple capacities as an engineer on the vessel until he retired in 2002.  Throughout Beaudoin's employment with Oglebay, his workplace contained warning signs about high noise levels.  Beaudoin's previous employment exposed him to similar workplace noise and warning signs, causing him to wear hearing protection. Beaudoin wore hearing protection while working for Oglebay and part of his job was to ensure that adequate hearing protection was available for all personnel in the engineering department.

Beaudoin underwent yearly hearing tests during his employment with Oglebay. Beginning in 1993, Beaudoin's hearing tests indicated mild high frequency hearing loss in both ears.  Beginning in 1995, Beaudoin learned of his slowly-decreasing ability to hear in the upper frequencies both from his doctor and from letters sent to him.  The letters were sent in at least 1997, 1998 and 1999.  Beaudoin began reporting a

---

[3] Though a failure to comply with the statute of limitations is typically disposed of under a Fed. R. Civ. Proc. 12(b) motion for failure to state a claim, if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...."  Fed. R. Civ. Proc. 12(b).

[4] The background is gleaned from the parties' papers, primarily the Statement of Material Facts Not in Dispute, and the Statement of Material Facts in Dispute.

The parties followed the Court's summary judgment motion practice guidelines but for the following exception: the Plaintiff did not highlight the relevant portions of exhibits.  For the Court's motion practice guidelines, see http://www.mied.uscourts.gov/_practices/cohn/motion/htm.

decreased ability to hear and problems associated with hearing loss in 1995, and continued such reports through 2001.  Though the record includes other possible explanations, Beaudoin admits that, in February 2000, and possibly before, he suspected the hearing loss was work-related.  In January 2001, Beaudoin underwent a hearing test, was informed of his hearing status, but did not find the hearing loss significant enough to begin using hearing aids.

    Beaudoin says that until the January 29, 2001, hearing examination at the close of the 2000 shipping season, he only sustained mild to moderate high frequency hearing loss.  During the 2001 shipping season, however, Beaudoin says the port loop gearbox in the Oglebay Norton was defective and produced excessive noise.  NOISE, Inc., a noise control specialist, reported heightened noise levels on the vessel in a letter sent on July 31, 2001.  The port loop gearbox was immediately adjacent to Beaudoin's quarters on the vessel, resulting in Beaudoin making numerous noise complaints to Oglebay.

    Beaudoin's next hearing test occurred on February 5, 2002.  This test showed significant decreases in hearing in each ear in comparison to results from 2001.  The level of noise exposure noted from the NOISE, Inc., data provided to the doctor at this evaluation were high enough to be suspected as a factor in these changes.  Beaudoin says this report confirms his observations of an acute, significant deterioration in hearing sensitivity in each ear.

    Oglebay denies that the port loop gearbox was defective or that the noise it produced was excessive.  Oglebay also disputes Beaudoin's claim that the noise of the port loop gear box caused his hearing loss.

    Beaudoin filed his complaint on April 16, 2004.

3

### III. Discussion

### A. Legal Standard

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50. Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings. Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994)

4

(quoting Anderson, 477 U.S. at 251-52). The Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. See Anderson, 477 U.S. at 255. Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted. Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

### B. Analysis

#### 1. The Issue and Legal Standard.

Oglebay claims that Beaudoin filed his complaint outside the statute of limitations. The statute of limitations for both the personal injury and breach of warranty of seaworthiness claims is three years. 46 U.S.C. App. § 688 (incorporating by reference the three-year statute of limitations contained in 45 U.S.C. § 56); 46 U.S.C. App. § 763a (setting a three-year statute of limitations for damages arising out of a maritime tort). Under the "discovery rule," the three-year statute of limitations period begins when the plaintiff knows or "in the exercise of reasonable diligence should have known of both the injury and its governing cause. Aparicio v. Norfolk & Western Railway Co., 84 F.3d 803, 814 (6th Cir. 1996) (internal citations omitted).

#### 2. Oglebay's Position.

**a. Beaudoin was aware of his hearing loss and its cause in the late 1990s.**

Oglebay says the record establishes that Beaudoin was aware he had hearing loss, and knew or should have known it was work-related, long before December 16,

5

2001, the date Beaudoin stated in his complaint as the proper measuring date for calculating the statute of limitations.  Beginning in 1995 and continuing to his January, 2001, examination, Beaudoin reported gradual hearing loss, and was tested for and given updates on this loss.  Beaudoin testified at his deposition that he had considered during the 1990s that his work was causing the hearing loss, that he was required to wear ear protection at work, that his job included equipping co-workers with hearing protection, that he was reminded of the importance of wearing hearing protection, and that noise warning signs were posted on the vessel.  All of these admissions indicate that Beaudoin should have known his work was a cause of his hearing loss.  Thus, Oglebay argues that any claim for hearing loss is barred by the statute of limitations, as Beaudoin filed the complaint on April 16, 2004.

### b.  Beaudoin's subsequent injury only aggravated an existing injury.

Beaudoin's claim is based on injuries sustained during the 2001 shipping season, after the January, 2001, hearing examination.  Oglebay argues that the hearing loss which occurred in late 2001 was an aggravation of a pre-existing work-place injury rather than a new injury.  Oglebay argues that the aggravation of a prior workplace injury is not a severable action for purposes of calculating the statute of limitations.  Aparacio, 84 F.3d at 815.  Therefore, a new statute of limitations period did not begin for the aggravation of Beaudoin's hearing loss injury, and the statute of limitations began to run when Beaudoin knew or should have known of the original injury and its cause, which Oglebay claims was in the 1990s, or in February, 2000, at the latest.  Affirming Aparicio, the Sixth Circuit has held that the discovery rule for the statute of limitations applies "even if the injury was later worsened by the same employer."  Mounts v. Grand Trunk Western Railroad, 198 F.3d 578, 581-82 (6th Cir. 2000).

### 3. Beaudoin's Position.

### a. Beaudoin's view of the facts.

Beaudoin responds by admitting most of the facts relied upon by Oglebay. Beaudoin argues, however, that the relevant injury occurred during the 2001 shipping season, after the January, 2001, hearing examination. While Beaudoin concedes a "mild" deterioration of his hearing at high frequencies during the 1990s, and concedes that loss may be attributable to his workplace, Beaudoin says his claim is based on an acute, permanent, and significant hearing loss first manifesting itself after April 16, 2001. Beaudoin says this injury was caused by excessive noise emanating from the defective port loop gearbox and that the NOISE, Inc., report and the February, 2002, hearing test results supports this assertion.

Beaudoin argues that he first discovered this injury and its possible source on either July 26, 2001, the date upon which extensive testing revealed the noise levels produced by the gearbox, or February 5, 2002, during his annual hearing test. Beaudoin says that this subsequent injury was not as an aggravation of a prior injury, but a separate and distinct injury in scope and in kind which is directly attributable to a separate and distinct cause. Beaudoin seeks to recover only for the subsequent hearing loss and not for the injury sustained during the prior years of work.

### b. The Law According to Beaudoin.

Though not specifically adopted in the Sixth Circuit, the Second Circuit has held that "a plaintiff who alleges that a distinct act of negligence - of which he was not aware over three years before filing suit - aggravated his existing injury may seek to recover for additional damages he allegedly suffered as a result of the intervening cause." Mix

7

v. Del & Hudson Ry., 345 F.3d 82, 91 (2nd Cir. 2003).  The Mix court relied upon the existence of evidence that the "additional damage was caused by a distinct act of negligence."  Id.

Applying Sixth Circuit precedent, Beaudoin distinguishes the rule asserted by Oglebay.  Beaudoin argues that Oglebay's citation to Aparicio is incomplete because the Aparicio court ruled that the plaintiff had created a disputed question of material fact as to whether the injury in question was a separate injury or a continuation of a prior injury.  The court of appeals stated that if "Aparicio's injuries are a separate injury, then Aparicio's claim is not time-barred."  Aparicio, 84 F.3d at 815.  Thus, Beaudoin argues that since his acute hearing loss occurred and was caused at a separate time, the statute of limitations does not bar this separate injury under Aparicio.  Beaudoin also distinguishes Mounts, noting that, unlike his situation, the plaintiff in that case did not bring forth evidence that a separate injury or disease occurred within the three year statute of limitations.  Mounts, 198 F.3d at 582.

The Sixth Circuit faced a situation similar to the one before the court in Fonseca v. Consolidated Rail Corp., 246 F.3d 585, 590 (6th Cir. 2001).  The Fonseca court reviewed a grant of summary judgment in favor of the defendant on statute of limitations grounds on the issue of whether an injury was separate or an aggravation of a prior injury.  Faced with evidence that the injury in question was distinct, the court of appeals said that it "need not decide which characterization of the injury is accurate; rather, we must simply determine whether the evidence is sufficient for a reasonable juror to find in favor of Fonseca."  Fonseca, 246 F.3d at 590 (reversing the district court's grant of summary judgment for the defendant).

Applying this rule, Beaudoin notes that the record does not contradict the NOISE,

8

Inc., report, the audiologist's 2002 report, and his testimony showing that he was exposed to significant noise and suffered a sudden and profound loss of hearing in the one year leading up to his February 5, 2002, hearing evaluation, and that the port loop gearbox may have been the cause. Beaudoin says that the record establishes that the gearbox was defective and excessively loud, despite efforts to fix it, until it was replaced following the 2001 season. Thus, Beaudoin concludes that summary judgment is not proper on his claim for damages resulting from this separate and distinct injury.

### 4. Oglebay's Response.

Oglebay responds by asserting that Beaudoin is trying to change Sixth Circuit law to allow an aggravation of a prior injury to be severable for purposes of the statute of limitations. Oglebay says that the characteristics of the injury is the focus of the Sixth Circuit's test, and that Beaudoin has not shown his injury to be different in character. Oglebay also disputes Beaudoin's characterization of his pre-January, 2001, hearing loss as "mild" and his subsequent hearing loss as "acute, permanent, and significant." Oglebay notes that Beaudoin's pre-January, 2001, hearing loss was also permanent, not temporary, and was more severe than "mild," as evidenced by his audiologist's recommendation that he use a hearing aid. Most importantly, Oglebay notes that the January 29, 2001, examination and the February 5, 2002, examination report the same characteristics, meaning that Beaudoin lacks medical evidence to support his claim of post-April, 2001, hearing loss as distinct or separate from his prior hearing loss.

Oglebay also asserts that whether the port loop gearbox was defective or produced excessive noise, and whether the alleged noise increase during the 2001 shipping season caused Beaudoin's hearing loss, are not material facts for purposes of determining whether to grant summary judgment on statute of limitations grounds.

**5. Resolution.**

The Court need not here decide whether the post-April, 2001, injury was in fact a separate, distinct injury caused by Oglebay giving rise to a new statute of limitations. Doing so would support summary judgment for Beaudoin. Rather, the Court must only decide whether a reasonable jury could find that Beaudoin sustained a separate, distinct injury caused by Oglebay about which Beaudoin knew or should have known before April 16, 2001, thus baring his claim as a violation of the statute of limitations . Fonseca, 246 F.3d at 590. The fact that both alleged injuries involve Beaudoin's loss of hearing does not decide the case, as the injury, not the body part afflicted, dictates the result.

Summary judgment cannot be granted on the record here for three reasons. First, the NOISE, Inc., report shows that the port loop gearbox, defective or not, exposed Beaudoin to considerable increased noise during the 2001 shipping season. If the gearbox was defective, it could be the cause of Beaudoin's hearing loss. Second, contrary to Oglebay's argument, the February 5, 2002, hearing examination report notes a significant change in Beaudoin's ability to hear, specifically, that the "[r]esults of this evaluation show a significant decrease in hearing sensitivity at 250 and 500 Hz in each ear and in the right ear at 2000 Hz.... Results of today's testing shows significant changes in hearing sensitivity in each ear in comparison to results of just one year ago. The level of noise exposure noted from readings [the NOISE, Inc. report] provided at this evaluation are high enough to be suspected as, and cannot be ruled out as, a factor to these changes."

Third, Beaudoin testified to significant changes in his ability to hear, and linked this loss of hearing to the port loop gearbox. Beaudoin's mere assertions cannot protect

against a grant of summary judgment for Oglebay.  However, it is inconsistent for Oglebay to rely on Beaudoin's statements admitting to the prior hearing loss and suspicions that his job caused the prior hearing loss, but then argue that Beaudoin's subsequent observations that his late-2001 hearing loss was significant, acute, and caused by the port loop gearbox are irrelevant.  Only Beaudoin can describe what he hears and when he hears it.  Because Beaudoin's testimony is supported by the aforementioned reports, it lends support to his argument that a question of fact exists as to whether his injury is distinct and whether it was caused by Oglebay, thus allowing his claim to continue.

As in Fonseca, Beaudoin has presented sufficient evidence for a jury to find in favor of Beaudoin, therefore, summary judgment for Oglebay cannot be granted.

SO ORDERED.

                                                  s/Avern Cohn
                                                  AVERN COHN
Dated:  November 8, 2005          UNITED STATES DISTRICT JUDGE
       Detroit, Michigan